**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM DIVISION**

**CASE NO.:**

MATTHEW CLOSE

       Plaintiff,

vs.

RADIUS GLOBAL SOLUTIONS LLC
Serve at:
Registered Agent
C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

       Defendant.

_____ /

**COMPLAINT**

Comes now Plaintiff, Matthew Close, by and through counsel; Nirav Desai, and states the

following:

**INTRODUCTION AND JURISDICTION**

1.     This is an action for statutory damages brought by an individual consumer for violations of the

Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et. seq.* ("FDCPA").

2.     This Court has jurisdiction of the FDCPA claim under 15 U.S.C. §1692k(d) and 28 U.S.C.

§1331.

3.     Venue is appropriate in this Court because Defendants directed its illicit conduct at Plaintiff in

Palm Beach County, Florida.

4.     This is an action for damages that are more than $5,000 but less than $15,000 exclusive of

attorney's fees, punitive damages, and costs.

**PARTIES**

5.     Plaintiff is a natural person currently residing in Palm Beach County, Florida.  Plaintiff is a

consumer within the meaning of the FDCPA.  The alleged debt owed arises out of consumer, family and household transactions.

6.      Defendant, Radius Global Solutions LLC ("RGS"), is a foreign corporation with its principal place of business in Edina, MN.  The principal business purpose of Defendant is the collection of debts and they regularly attempts to collect debts.

7.      The Defendant RGS was formerly known as Northland Group LLC ("NGL") and changed its name to RGS on April 26, 2018 (see Exhibit A).

8.      Defendant is engaged in the collection of debts from consumers using the mail and telephone in Florida.  Defendant is a "debt collector" as defined by the FDCPA.  15 U.S.C. §1692a(6).

## FACTS

9.      Defendant's collection activity of which Plaintiff complains occurred within the previous twelve (12) months for his FDCPA claims.

10.     The alleged debt stems from a Capital One personal credit card and Defendant was retained to collect on the account.

11.     On or around March 20, 2018 Defendant sent Plaintiff a dunning letter and this was their initial communication.

12.     In response to Defendant's correspondence Plaintiff contacted them on or around April 5, 2018. During the call Defendant offered Plaintiff a "time sensitive" settlement offer for roughly $1,500 that was only good until the end of the month and was only a one time offer.

13.     When the parties spoke again on May 8, 2018 RGS offered Plaintiff the exact same settlement offer.

14.     Defendant's assertions that their settlement was "time sensitive" was a misrepresentation intended to deceive Plaintiff into paying on the alleged debt because it was not time sensitive in violation of 15 U.S.C. §1692e.

15.     Defendant also explained to Plaintiff during the April call that paying the account in full, as

opposed to settling, will help his credit and is better.  Such an assertion was a misrepresentation in violation of 15 U.S.C. §1692e(2)(A)..

16.     During the May call Plaintiff told Defendant that he does not have any money and he will have to borrow the money to pay.

17.     Defendant then advised Plaintiff that he could pay by post-dated payment.

18.     When Defendant asked for post-dated payments after knowing Plaintiff did not have any money was an unconscionable means to collect on alleged debt in violation of 15 U.S.C. §1692f.

19.     Plaintiff's original credit limit on this credit card was for $2,000.  However, in Defendant's dunning letter they are demanding payment for over $2,112.

20.     Plaintiff does not owe this much money to Capital One and the extra amount claimed owed is a misrepresentation of the character, amount, or legal status of the alleged debt in violation of 15 U.S.C. §1692e(2)(A).

21.     Defendant also added extra fees and charges to the credit card balance not authorized by statute or contract in violation of 15 U.S.C. §1692f(1).

22.     Defendant's collection attempts and misrepresentations have caused Plaintiff to incur actual damages, attorney's fees, as well as emotional distress.

<strong><u>COUNT I: VIOLATION OF THE FDCPA AGAINST RGS</u></strong>

23.     Plaintiff re-alleges and incorporates by reference the above paragraphs.

24.     Defendant regularly attempts to collect consumer debts asserted to be due to another and at all relevant times herein, was a "debt collector" as defined by 15 U.S.C. §1692a(6).

25.     A single action on the part of the debt collector can violate multiple sections of the FDCPA.

26.     In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C §1692 *et. seq.* including, but not limited to the following:

   a.  Used false, deceptive, or misleading representations in connection with the alleged debt in violation of 15 U.S.C. §1692e;

b.  Added unauthorized interest, fees, or charges to the alleged debt in violation of 15 U.S.C.

§1692f(1);

c.  Misrepresented the character, amount, or legal status of the alleged debt in violation of 15

U.S.C. §1692e(2)(A);

d.  Utilized unfair or unconscionable means to collect on an alleged debt in violation of 15

U.S.C. §1692f.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

**A.**  Declaratory judgment that Defendant's conduct violated the FDCPA;

**B.**  Actual damages;

**C.**  Release of the alleged debt;

**D.**  Statutory damages, costs, litigation expenses and attorney's fees pursuant to 15 U.S.C.

1692(k); and

**E.**  For such other relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Matthew Close, hereby demands a trial by jury of all issues so triable.


By: __/s/_ Nirav Desai_____
  Nirav A. Desai, Esq.
  Florida Bar # 0093202
  nirav_a_desai@hotmail.com
  *Attorney for Plaintiff*
  Law Office of Nirav A. Desai, P.A.
  3060 16th St. NW Apt. 303
  Washington, D.C. 20009
  Telephone: 631.327.2990